Cheshire,
No. 4986.

ERNEST FANCHER, *by his mother and father as next friends*

*v.*

FREDERICK N. CLARKE, *Commissioner of Motor Vehicles.*

Argued November 8, 1961.

Decided December 27, 1961.

534

*Howard B. Lane* (by brief and orally), for the plaintiffs.

*Gardner C. Turner,* Attorney General, *Elmer T. Bourque,* Assistant Attorney General and *Irma A. Matthews,* Law Assistant (*Mrs. Matthews* orally), for the defendant.

KENISON, C. J.   In this case the plaintiffs seek to compel the Commissioner of Motor Vehicles to suspend the license and registration of a person who was involved in an accident January 1, 1949 because the judgment of $500 rendered against him in 1952 remains unsatisfied.   However, notice of the unsatisfied judgment was not received by the Commissioner until 1957, at which time the judgment debtor had not been involved in any further accident, had furnished proof of financial responsibility for the future and was allowed full operating privileges under the provisions of RSA 268:9 I, as amended by Laws 1955, *c.* 76, *s.* 4.

"Highway accidents with their train of property and personal injuries are notoriously important problems in every community.

Clearing the highways of irresponsible drivers, devising ways and means for making sure that compensation is awarded the innocent victims, and yet managing a scheme which leaves the highways open for the livelihood of the deserving are problems that have taxed the ingenuity of lawmakers and administrators." *California Auto Association* v. *Maloney*, 341 U. S. 105, 110. While one of the main purposes of the financial responsibility law is to furnish compensation for innocent persons who may be injured by the negligent operation of motor vehicles (*Rosenblum* v. *Griffin*, 89 N. H. 314; *Milwaukee Ins. Co.* v. *Morrill*, 100 N. H. 239), the law places certain burdens on the injured persons in order to benefit therefrom. One of the common provisions in the financial responsibility laws is that the suspension will be effective only for a definite time unless a suit is instituted before the expiration date specified in the statute. Note, Compensation Problems Created by Financially Irresponsible Motorists, 66 Harv. L. Rev. 1300, 1303 (1953).

The law in effect at the time the present proceedings were pending provided that the license and registration of a person involved in an accident should be suspended until he had furnished proof of financial responsibility for the future and satisfied any judgment rendered against him. R. L., c. 122, s. 5, as amended by Laws 1943, c. 85. Section 9 of R. L., c. 122 as thus amended contained a limitation on the time and the duration of the suspension and reads as follows: "If the commissioner has received no written notice from the aggrieved or injured person or his legal representative that suit has been brought within one year of the date of the accident the commissioner then may, subject to the other requirements of the law, issue to such person a new license to operate and new registration certificates and registration plates provided he shall give and thereafter maintain proof of financial responsibility."

In the present case the suit was not instituted within one year but it is argued that since the injured plaintiff was an infant he had two years after becoming of age to bring suit (R. L., c. 385, s. 7) and therefore the provisions of R. L., c. 122, s. 9 do not apply to him. If this were so it would mean that the thirteen-year-old plaintiff in this case would have ten years in which to bring suit and notify the Commissioner thereof. No such exception can reasonably be implied from the provisions of the financial responsibility law and all persons injured are subject to the provisions of R. L., c. 122, s. 9 regardless of age or status.

The Commissioner of Motor Vehicles and the Trial Court were correct in refusing to suspend the license of LaBreck insofar as there was a failure to comply with R. L., c. 122, s. 9. However, there is another provision in the financial responsibility law enacted by Laws 1955, c. 93 which mitigates this failure. The pertinent part of the statute, which is now RSA 268:5 VII (supp), reads as follows: "Notwithstanding . . . any determination previously made by the commissioner under this section, the commissioner, upon receipt of satisfactory evidence that there is an unsatisfied judgment . . . shall, until said owner or operator or both shall have satisfied said judgment . . . suspend the license . . . of said operator and owner."

While this section has not been referred to in briefs of counsel it would appear to be designed to take care of cases where an unsatisfied judgment is subsequently discovered. Thus this statute operates as a qualification or a limitation on R. L., c. 122, s. 9. In the present case the plaintiffs are entitled to invoke the provisions of RSA 268:5 VII (supp) and it follows that the petition for mandamus should be granted. The order is

*Exceptions sustained.*

All concurred.